[Cite as *Renewing Properties, L.L.C. v. Matthews*, 2026-Ohio-2467.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| RENEWING PROPERTIES, L.L.C., | **CASE NO. 2025-T-0092** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| ROBERT W. MATTHEWS, JR., et al., | |
| Defendants, | Trial Court No. 2024 CV 00755 |
| (MICHAEL ALLEN MATTHEWS, | |
| Appellant). | |

## OPINION AND JUDGMENT ENTRY

Decided: June 29, 2026
Judgment: Affirmed

*Steven W. Mastrantonio*, *Daniel J. Orlando*, and *Mackenzie C. Syska*, Mastrantonio & Orlando, L.L.P., 308 North Cleveland Massillon Road, Suite 200, Akron, OH 44333 (For Plaintiff-Appellee).

*Robert L. Root, III*, 175 Franklin Street, S.E., Warren, OH 44481 (For Appellant, Michael Allen Matthews).

SCOTT LYNCH, J.

{¶1} Appellant, Michael Allen Matthews, appeals the denial of his Motion to Intervene as an Indispensable Party by the Trumbull County Court of Common Pleas. For the following reasons, we affirm the judgment of the court below.

{¶2} On May 6, 2024, appellee, Renewing Properties LLC, filed a Complaint to Quiet Title, and for Violation of O.R.C. § 2923.32, Fraud, Negligent Misrepresentation, Unjust Enrichment, Breach of Contract, Breach of Warranty, Negligence, and Eviction

and Ejectment against Robert W. Matthews Jr., Janice Riffle, Stefan Riffle, the Estate of Robert W. Matthews Sr., and the Bennett Land Title Agency.

{¶3}    On May 30, 2025, Renewing Properties filed a Motion for Partial Summary Judgment which was unopposed.  The Motion contained the following averments (edited), supported by evidentiary materials:

> Upon the conclusion of his divorce in 1997, Robert Matthews Sr. took full title to the real property known as 389 State Route 88, West Farmington, OH 44491.  In 2014, Robert Matthews Sr. passed away.  Despite an estate for Robert Matthews Sr. not having been opened, or the deed having been transferred out of Robert Matthews Sr.'s name, in or around April of 2021, Robert Matthews Sr.'s son, Robert Matthews Jr. ("Matthews"), signed an agreement to sell the Property to Janice Riffle.  The agreement was prepared by Ms. Riffle's family member, Stefan Riffle.  For reasons unknown to Renewing Properties, Matthews was photographed holding a "receipt" as proof of transferring the property by quitclaim deed to Janice Riffle.  Matthews continued to reside at the Property after the sale without paying any rent to Janice Riffle.
>
> In or around July of 2023, Nicole Feller, principal on behalf of Renewing Properties, met with Stefan Riffle to discuss the purchase of the Property.  Mr. Riffle negotiated the sale on behalf of Janice Riffle, the title owner of the property.  At the time of the purported sale to Renewing Properties, Matthews was still residing on the Property rent-free.  The Bennett Land Title Agency conducted the closing of the sale and the Property was transferred from Janice Riffle to Renewing Properties by General Warranty Deed.
>
> On or about November 22, 2023, Renewing Properties served a three-day eviction notice to vacate the Property on Matthews.  Matthews now denies having sold the property to Janice Riffle and claims the Property belongs to his late father's estate.

{¶4}    On August 14, 2025, the trial court granted the Motion for Partial Summary Judgment.

{¶5}    On November 14, 2025, the trial court issued an Amended Judgment Entry which found, in relevant part:

Case No. 2025-T-0092

3.     Plaintiff is a bona fide purchaser and is entitled to an order quieting title to the property located at 389 State Route 88, West Farmington, OH 44491 (the "Property").

4.     Plaintiff was denied the warranties guaranteed by a general warranty deed because the property was not free of encumbrances.

5.     Plaintiff is entitled to a writ of restitution for the Property and can evict all occupiers of the Property as unauthorized occupants without color of title.

{¶6}    On December 15, 2025, Michael Matthews filed a Motion to Intervene as an Indispensable Party.[1]  M. Matthews asserted the following grounds for intervention:

The Estate of Robert W. Matthews Sr., was not opened until January of 2024.  Michael Allen Matthews is one of the named next of kin of the deceased.  Had the Property not been transferred in 2021 it would have been included as an asset of the estate.  As an heir and next of kin Michael Allen Matthews would have an interest in the property.  Accordingly, Michael Allen Matthews claims a direct, substantial, and legally protectable interest in the Property that will be impaired or impeded by disposition of this action in Proposed Intervenor's absence.

{¶7}    On December 19, 2025, the trial court denied the Motion to Intervene on the grounds that it was not timely: "The Court granted Judgment in favor of Plaintiff on August 14, 2025, closing the case.  Movant's motion was filed five months after this Court's Order."

{¶8}    On the same date, M. Matthews filed a Notice of Appeal.

***Assignment of Error***

{¶9}    On appeal, M. Matthews raises the following assignment of error: "The trial court committed reversible error by refusing to allow appellant [to] intervene."

{¶10}    M. Matthews argues that the trial court erred by rendering a judgment that purports to adjudicate property rights in the absence of a holder of rights in the property

---

1.  A duplicate motion was filed on December 16, 2025.

Case No. 2025-T-0092

where joinder was feasible and essential to a just adjudication. *State ex rel. N.G. v. Cuyahoga Cty. Court of Common Pleas, Juvenile Div.*, 2016-Ohio-1519, ¶ 27 ("a party's failure to join an interested and necessary party constitutes a jurisdictional defect that precludes the court from rendering a judgment in the case").

***Intervention of Right***

{¶11} The Rules of Civil Procedure provide as follows regarding intervention of right:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> …
>
> A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene.

Civ.R. 24(A) and (C).

***Standard of Review***

{¶12} "A nonparty who seeks intervention under Civ.R. 24 and is denied intervention may appeal only the issue of intervention." *N.G.* at ¶ 28. "The standard of review for a motion to intervene is abuse of discretion." *Id.* at ¶ 21.

{¶13} The Supreme Court of Ohio has identified five factors to consider when determining whether a motion to intervene is timely:

Case No. 2025-T-0092

(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

(Citation omitted.) *Id.* at ¶ 23.

### *The Denial of M. Matthews's Motion to Intervene as Untimely was not an Abuse of Discretion*

{¶14} The first factor for consideration weighs heavily against intervention. "[C]ourts rarely allow intervention after judgment." *Id.* at ¶ 25, citing *State ex rel. First New Shiloh Baptist Church v. Meagher*, 1998-Ohio-192, ¶ 11 ("[i]ntervention after final judgment has been entered is unusual and ordinarily will not be granted").

{¶15} The second factor is more equivocal. M. Matthews "claim[s] a direct substantial, and legally protectable interest in the Property that would be impaired or impeded by the disposition of this action." Brief of Appellant at 3. Renewing Properties counters that "attempted intervention is not compelling [where] it would probably result only in reconsideration of claims or objections" already raised. *N.G.* at ¶ 12. However, in the present case, Renewing Properties' Motion for Summary Judgment was unopposed. That fact that no argument was raised in the trial court on behalf of the Estate or its beneficiaries (including M. Matthews) favors granting intervention.

{¶16} As to when M. Matthews became aware or should have become aware of the underlying lawsuit, this is disputed by the parties. M. Matthews claims he did not become aware of this case until a notice to vacate the property was delivered to him on December 12, 2025. He filed his Motion to Intervene a week later.

Case No. 2025-T-0092

{¶17} Renewing Properties counters that M. Matthews has known of his purported interest in the property for several years and is listed as next of kin in the Estate of Robert Matthews Sr., a named defendant in the present case. Moreover, Renewing Properties claims that M. Matthews participated in prior eviction proceedings regarding this property instituted in Newton Falls Municipal Court in 2023. Renewing Properties also claims that counsel for Robert Matthews Jr. and the Estate of Robert Matthews Sr. represented in the course of these proceedings that he was in communication with M. Matthews directly on issues pending in this case.

{¶18} We conclude this third factor weighs against intervention. Neither party's claims can be substantiated by the record before this court. Factual assertions made in appellate briefs carry no evidentiary value. However, M. Matthews's Motion did not raise any arguments with regard to timeliness and did not include any supporting materials that would establish when he became aware of the underlying lawsuit. As the moving party, the failure to establish a record for review works to his prejudice.

{¶19} The fourth factor favors allowing Renewing Properties' judgment to remain in place. As noted by Renewing Properties, the underlying case remained pending for over a year and the judgment was not appealed. To reopen the case at this point would essentially render Renewing Properties' expenditure of time, money, and other resources for naught.

{¶20} As to the fifth factor, we find no unusual circumstances that would militate against or in favor of intervention.

{¶21} We do consider one additional (but not particularly unusual) circumstance that militates against intervention. Civil Rule 24(C) requires that the motion for

Case No. 2025-T-0092

intervention and any supporting memorandum "shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought." Besides failing to argue for the timeliness of intervention, M. Matthews failed to comply with this provision of the Rule.

{¶22} "Courts have denied motions to intervene that were not accompanied by any pleading." *Barclay Square Condominium Owners Assn. v. Ruble*, 2023-Ohio-1311, ¶ 46 (2d Dist.) (cases cited). The inclusion of a pleading setting forth the claim or defense for which intervention was sought would have strengthened M. Matthews's case for intervention.

{¶23} Having duly considered the factors urged by the Ohio Supreme Court, we find no abuse of discretion in the trial court's denial of the Motion to Intervene as untimely.

{¶24} The sole assignment of error is without merit.

{¶25} For the foregoing reasons, the denial of M. Matthews's Motion to Intervene as an Indispensable Party by the Trumbull County Court of Common Pleas is affirmed. Costs to be taxed against the appellant.


JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-T-0092

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignment of error is without merit. The order of this court is that the judgment of the Trumbull County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE ROBERT J. PATTON,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.